**BRADLEY GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Taylor L. Emerson, Esq. (SBN 225303)
2815 Townsgate Road, Suite 130
Westlake Village, California 91361
Telephone:     (805) 270-7100
Facsimile:     (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
        kgrombacher@bradleygrombacher.com

**UNITED EMPLOYEES LAW GROUP, PC**
Walter L. Haines, Esq. (SBN 71075)
5500 Bolsa Avenue, Suite 201
Huntington Beach, California 92649
Telephone: (562) 256-1047
Fax: (562) 256-1006

Attorneys for Plaintiff, JAMES OUTLEY II

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES OUTLEY II, an individual on his own behalf and on behalves of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>TURNER CONTRACTING, INC., an Indiana corporation,<br><br>        Defendants. | **CASE NO.**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **Meal and Rest Break Violations (*Labor Code* §§ 200, 226.7, 512, and 12 CCR § 11040);**<br>2. **Failure to Pay Overtime Compensation (*Welfare Commission Orders* and *Labor Code* §§ 510, 1194);**<br>3. **Failure to Provide One Day's Rest from Seven in Violation of (Cal. Labor Code §§ 551 and 552);**<br>4. **Failure to Pay Minimum Wages (*Lab. Code* §§ 558, 1194, 1194.2, 1197 & 1198 and Wage Order 16);**<br>5. **Failure to Provide Proper Wage Statement (*Lab. Code* § 226(a));**<br>6. **Failure to Pay Wages at Time of Termination (*Labor Code* §§201-203);**<br>7. **Unfair Business Practices (*Business** |

*and Professions Code* § 17200); and

8.  **Failure to Pay All Wages and Overtime Compensation in Violation of the Fair Labor Standards Act**

**DEMAND FOR JURY TRIAL**

All allegations in this Class Action Complaint ("Complaint") are based upon information and belief, except for those allegations which pertain to the Plaintiff named herein and their counsel. Plaintiff's information and belief is based upon, *inter alia*, the investigation conducted to date by Plaintiff and his counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.  Plaintiff JAMES OUTLEY II ("OUTLEY"), on behalf of himself and all others similarly situated, alleges as follows:

## INTRODUCTION

1.      This matter is brought as a class action pursuant to California Code of Civil Procedure § 382, on behalf of Plaintiff and the putative class, which is defined more specifically below, but which is comprised, generally, of all former and current non-exempt employees of Defendant TURNER CONTRACTING, INC., an Indiana corporation and/or its subsidiaries (collectively, "Defendant" or "Turner"). The Class Period is from June 14, 2013, to the date judgment is rendered herein.

2.      Plaintiff seeks relief on behalf of themselves and the members of the putative class as a result of employment policies, practices and procedures more specifically described below, which violate the California Labor Code, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards, and the Fair Labor Standards Act, and which have resulted in the failure of Defendant to pay Plaintiff and members of the putative class all wages due to them.  Said employment policies, practices and procedures are generally described as follows:

   a. Defendant failed to provide Plaintiff and members of the putative class with timely meal and rest breaks (California Labor Code §§ 200, 226.7, 512, 12 CCR § 11040, and 29 U.S.C. §201, et. seq.);

-2-
CLASS ACTION COMPLAINT

b. Defendant routinely failed to pay Plaintiff and members of the putative class correct overtime compensation (Welfare Commission Orders and California Labor Code §§ 510, 1194);

c. Defendant routinely failed to provide Plaintiff and members of the Plaintiff Class one day's rest in seven in violation of California Labor Code sections 551 and 552;

d. Defendant failed to pay Plaintiff and members of the putative class the minimum wage for all hours worked (California Labor Code §§ 558, 1194, 1194.2, 1197 & 1198 and Wage Order 16);

e. Defendant failed to provide Plaintiff and members of the putative class with proper wage statements (California Labor Code § 226(a));

f. Defendant failed to maintain accurate records of work performed by members of the Class in violation of California Labor Code section 1174, and IWC Wage Order 16, § 6; and,

g. Defendant failed to pay Plaintiff and members of the putative class all final wages in a timely fashion (California Labor Code §§201-203).

3.     In addition, Plaintiff and members of the putative class seek relief and damages for Defendant's violation, by way of the above-described conduct, of California's unfair competition laws (California Business & Professions Code § 17200), including the equitable remedies of declaratory relief, disgorgement, accounting, and restitution.

4.     Plaintiff and the members of the putative class seek relief and damages for Defendant's violation, by way of the above-described conduct, of the Fair Labors Standards Act. Plaintiff and this proposed class alleges that Defendant's payroll practices with respect to its non-exempt employees in California and in the United States, caused it to inaccurately calculate the rates used for overtime and straight time.

**JURISDICTION AND VENUE**

5.     This Court has original jurisdiction over the claims asserted herein individually and on behalf of the class pursuant to 28 U.S.C. §1332, as amended in February 2005 by the Class Action Fairness Act.  Subject matter jurisdiction is proper because: (1) the amount in controversy in this class action exceeds seventy-five thousand dollars, exclusive of interest and costs; and (2)

a substantial number of the members of the proposed classes are citizens of a state different from that of Defendant. Defendant Turner is an Indiana corporation qualified to do business in California. Turner's California Secretary of State Business Entity Number is C3517324. Based upon information and belief, Turner did and still does business in Cupertino, California in County. Personal jurisdiction is proper as Defendant has purposefully availed themselves of the privilege of conducting business activities within this District.

6.     The Northern District of California has personal jurisdiction over the Defendant named in this action because Defendant is a corporation or other business entity authorized to do business in the State of California and registered with the California Secretary of State to do sufficient business with sufficient minimum contacts in California, and/or otherwise intentionally avails itself of the California market through the ownership and operation of a contracting company where Plaintiff is employed, to render the exercise of jurisdiction by the California courts consistent with traditional notions of fair play and substantial justice.

7.     Defendant has operated their business and committed violations of the California Labor Code, which are the subject of the present complaint, in this District. As such, venue is proper in this judicial district under 28 U.S.C. §1391(b)(2), because Defendant conducts business in this District and a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this District.

8.     This Court has subject matter jurisdiction over this class action under 28 U.S.C. §§1331 and 1367(a). Specifically, this action presents claims under the Federal Labor Standards Act ("FLSA") and accompanying state law claims under the California Labor Code, which form part of the same case or controversy under Article III, section 2 of the U.S. Constitution.

9.     This Court has subject matter jurisdiction over this class action under 28 U.S.C. §§1331 and 1367(a). Specifically, this action presents claims under the Federal Labor Standards Act ("FLSA") and accompanying state law claims under the California Labor Code, which form part of the same case or controversy under Article III, section 2 of the U.S. Constitution.

**INTRADISTRICT ASSIGNMENT (NORTHERN DISTRICT CIVIL LOCAL RULE 3-2)**

10. This action is properly assigned to the San Jose Division of this District pursuant to Northern District of California, Civil Local Rule 3-2 because a substantial part of the events or omissions giving rise to Plaintiff's claims arose in the counties of counties of Santa Clara, Santa Cruz, San Benito or Monterey. Defendants conducts substantial business in these counties served by this Division and a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this Division.

**THE PARTIES**

11. Plaintiff OUTLEY is over the age of eighteen and a resident of San Jose, California.

12. Defendant Turner Contracting, Inc. is a family owned and operated business that specializes in mining and mass excavation, including overburden removal, contract mining, land reclamation, heavy civil excavation, landfill construction, and underground utilities in Northern California. Turner's headquarters are located at 1044 Old Hwy 50 E. Bedford, Indiana 47421.

13. The members of the proposed class are likewise current and former employees of Turner, employed by Defendant within the State of California during the Class Period as non-exempt employees.

**FACTUAL ALLEGATIONS**

14. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

15. Plaintiff and the members of the putative class were and are classified by Defendant as non-exempt employees, pursuant to the provisions of the California Labor Code, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards. As non-exempt employees, Plaintiff and members of the putative class are entitled to certain benefits, including mandated meal and rest breaks. In addition, said statutory provisions, wage orders, regulations and standards obligate the employer to maintain accurate records of the hours worked by employees.

16. Turner Contracting, Inc. is a family owned and operated business that specializes in mining and mass excavation, including overburden removal, contract mining, land reclamation,

heavy civil excavation, landfill construction, and underground utilities in Northern California.

17.   Based upon information and belief, Defendant contracted with various entities/individuals in states, including but not limited to Texas, New Mexico, and California. Based upon information and belief, in each state, Turner is retained to perform work in mining and mass excavation, including overburden removal, contract mining, land reclamation, heavy civil excavation, landfill construction, and underground utilities.   Plaintiff is informed and believes and herein alleges that, Turner supplies workers who are operating various types of heavy equipment at said job sites in the United States. Plaintiff further alleges that depending on the job site, the heavy equipment can operate 24 hours a day with only interruptions for shift changes.

18.   During his employment with Defendant, Plaintiff OUTLEY worked in California. Plaintiff was employed by Defendant as a Heavy Equipment Operator at each job site.   Plaintiff OUTLEY made $15 an hour.

**California:** Plaintiff OUTLEY was employed with Defendant was in Cupertino, California from approximately May 23, 2016 to January 20, 2017. Turner's Project Manager in California during that time period was Ryan Bailey and Foreman was Daren Winters.   Plaintiff OUTLEY alleges that there were approximately 110 employees working at the Cupertino location for Turner.   The shifts would run from 11:00 a.m. to 11:00 p.m.   and a second shift from 11:00 p.m. to 11:00 a.m.   Each shift operated heavy equipment for the mining operations.   The equipment ran 24 hours a day and was only turned off at shift changes and if someone had to use the restroom so that the operations would continue without interruption.   Based upon information and belief, Plaintiff OUTLEY alleges that the following issues arose during his employment with Turner:

    a.   The employees had to attend a mandatory daily meeting before each shift that they were not paid for.

    b.   Turner employees had to drive approximately 1.25 hours each way from where Turner had them staying.

    c.   Turner's policy was not to pay overtime unless an employee had worked more than forty (40) hours in a workweek even though each shift was 12 hours and the employees spent approximately two and a half (2 ½) hours commuting

round trip each day for which they received no compensation.

d. Depending on the needs of the job site, Plaintiff OUTLEY alleges that Turner had its employees work seven (7) consecutive days in a row without a day of rest. This occurred frequently.

e. Turner never provided OUTLEY with a single paystub during his employment. Plaintiff alleges that the other employees did not receive paystubs either.

f. Plaintiff and the other non-exempt Turner employees did not receive a single rest break at any time. In addition, Plaintiff OUTLEY and the other non-exempt Turner employees did not receive a single off the clock meal break. The only time an employee could leave his piece of equipment was to use the restroom or at a shift change. They were required to keep the heavy equipment operating continuously throughout their shift for the mining operations.

**_Defendant's Failure to Provide Meal and Rest Break_**

19. Plaintiff is further informed and believes, and based thereon alleges, that as a matter of policy and/or practice, Defendant routinely failed to provide Plaintiff and the members of the putative class, with meal and rest periods during which they were relieved of all duties by requiring them to remain on duty.

20. Plaintiff is further informed and believes, and based thereon alleges, that Plaintiff and the other members if the putative class were not provided with a meal break until they worked eight (8) hours or more in direct violation of California Labor Code 512.

21. At all times, relevant hereto, California Labor Code § 226.7 and IWC Wage Order, number 16-2001, section 11, required employers to authorize, permit, and provide a ten (10) minute paid rest for each four (4) hours of work, during which employees are relieved of all duties.

22. At all times, relevant hereto, California Labor Code § 226.7(b) and IWC Wage Order, number 16-2001, section 10 required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest period is not provided.

23. Plaintiff is informed and believes, and based thereon alleges, that Defendant failed to effectively communicate California rest period requirements to Plaintiff and the members of

the putative class. Plaintiff is further informed and believes and based thereon alleges that throughout the relevant time period Defendant failed to provide rest periods.

24.     Throughout the Class Period, Plaintiff and the members of the putative class were routinely denied the rest breaks they were entitled to under California law.

25.     Specifically, throughout the Class Period, Defendant regularly:

a. Failed to provide paid rest periods of ten (10) minutes during which Plaintiff and the members of the putative class were relieved of all duties for each four (4) hours of work and able to take rest periods within the middle of the shift;

b. Failed to pay Plaintiff and the members of the putative class one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted.

c. Failed to provide Plaintiff and the members of the putative class with a first meal period of not less than thirty (30) minutes during which they are relieved of all duties before working more than five (5) hours;

d. Failed to provide Plaintiff and the members of the putative class with a second meal period of not less than thirty (30) minutes during which they are relieved of all duties before working more than ten (10) hours per day;

e. Failed to pay Plaintiff and the members of the putative class one hour of pay at their regular rate of compensation for each workday that a meal period was not provided; and

f. Failed to accurately record all meal periods.

***Defendant's Failure to Pay Overtime Compensation***

26.     California Labor Code § 1194 provides that an employee receiving less than the legal overtime compensation is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

27.     California Labor Code § 510(a) states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked

on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." California Labor Code § 510(a) further states: "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee." California Labor Code § 510(a) further states: "[A]ny work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

28.     Throughout the Class Period, Wage Order No. 16-2001, Section (3) provided for payment of overtime wages equal to one and one-half (1 1/2) times an employee's regular rate of pay for all hours worked over eight (8) hours per day and/or forty (40) hours in a workweek, and/or for payment of overtime wages equal to double the employee's regular rate of pay for all hours worked in excess of twelve (12) hours in any workday and/or for all hours worked in excess of eight (8) hours on the seventh (7th) day of work in any one workweek.

29.     Defendant classified Plaintiff and putative class members as non-exempt, therefore they were entitled to overtime compensation for all hours worked in excess of the hours and time specified in the Wage Order, statutes and regulations identified herein.

30.     As a matter of policy and/or practice, Defendant routinely suffered or permitted Plaintiff and putative class members to work portions of the day during which they were subject to Defendant's control, and failed to compensate them. Accordingly, Defendant failed to properly record the actual hours worked by Plaintiff and members of the putative class, and thus failed to pay overtime wages for the actual amount of overtime hours worked.

***Defendant's Failure to Provide One Day of Rest in Seven***

31.     Plaintiff alleges that depending on the need of the job site, Defendant would require the him and the other members of the putative class to work seven (7) consecutive days in a row without a day's rest. Based upon information and belief, Plaintiff alleges that this occurred to Plaintiff and the other members of the putative class.

***Defendant's Failure to Pay Minimum Wages***

32.     IWC Wage Order 16-2001, Section 2(J) defines "hours worked" to mean "the time during which an employee is subject to the control of an employer, and includes all the time the

employee is suffered or permitted to work, whether or not required to do so."

33.    California Labor Code § 1182.12 and IWC Wage Order, number 16-2001, section 4 formerly provided that on and after January 1, 2008, the minimum wage shall be not less than eight dollars ($8.00) per hour.

34.    California Labor Code § 1182.12 and IWC Wage Order, number 16-2001, section 4 provide that on and after July 1, 2014, the minimum wage for all industries shall be not less than nine dollars ($9) per hour, and on and after January 1, 2016, the minimum wage for all industries shall be not less than ten dollars ($10) per hour.

35.    California Labor Code § 1194(a) provides in relevant part: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage [] is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage [], including interest thereon, reasonable attorney's fees, and costs of suit."

36.    California Labor Code § 1194.2(a) provides in relevant part: "In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

37.    California Labor Code § 1197 provides: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

38.    Defendant classified Plaintiff and putative class members as non-exempt and paid them on an hourly basis. Hours worked include, but are not limited to, all hours that an employee is permitted or suffered to work including, but not limited to, off-the-clock work that an employer either knew or should have known that an employee was performing.

39.    As a matter of policy and/or practice, Defendant routinely suffered or permitted Plaintiff and putative class members to work portions of the day during which they were subject to Defendant's control, but Defendant failed to compensate them.

40.    Throughout the Class Period, Plaintiff, and the other members of the putative class, were subject to Defendant's practice of failing to pay minimum wages and/or designated rates for

hours worked off-the-clock. As a result, Plaintiff and the other members of the putative class were routinely denied compensation for all hours worked.

41.     Based upon information and belief, Defendant did not maintain adequate records of all wages earned, hours worked, and meal and rest breaks taken.

**_Defendant's Failure to Pay All Wages Due at Termination of Employment_**

42.     At all times, relevant hereto, California Labor Code § 201 required an employer that discharges an employee to pay compensation due and owing to said employee immediately upon discharge. California Labor Code § 202 requires an employer to pay an employee who quits any compensation due and owing to said employee within seventy-two (72) hours of an employee's resignation. California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under Sections 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

43.     Defendant willfully and knowingly failed to pay Plaintiff and the members of the putative class, upon termination of employment, all accrued compensation including payment of minimum wage compensation, overtime, and/or premium wages.

**_Defendant's Failure to Provide Accurate Wage Statements_**

44.     As a result of the meal and rest break, overtime and seven consecutive work days in a row violations, described above, Plaintiff and members of the Plaintiff Class were, and are, routinely provided wage statements which do not truly and accurately reflect the number of hours worked by them, or the wages due to them.

45.     Based upon information and belief, Plaintiff and the other members of the putative class did not receive wage statements.

**_Facts Regarding Willfulness_**

46.     Plaintiff is informed and believes and based thereon alleges that Defendant is and was advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of California wage and hour laws.

47.     Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendant knew or should have known, that the putative class members, including

Plaintiff, were entitled to receive duty-free meal periods within the first five (5) hours of any shift of six (6) or more hours worked, and that any failure to do so requires Defendant to pay Plaintiff and the members of the putative class one (1) hour of wages per day for untimely, missed, or on-duty meal periods.

48.     Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendant knew or should have known, that the putative class members, including Plaintiff, were and are entitled to one (1) ten (10) minute rest break for each shift of four (4) hours or more, and that any failure to allow said breaks requires Defendant to pay the putative class members, including Plaintiff, one (1) hour of wages per day for missed or on-duty rest breaks.

49.     Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendant knew or should have known, that the putative class members, including Plaintiff, were and are entitled to overtime wages when working in excess of eight (8) hours a day.

50.     Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendant knew or should have known, that the putative class members, including Plaintiff, were and are entitled to one day's rest in seven.

## CLASS ACTION ALLEGATIONS

51.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

52.     Plaintiff brings this action on behalf of himself and all others similarly situated as a class action, pursuant to California Code of Civil Procedure §382. The classes which Plaintiff seeks to represent are composed of, and defined as follows:

**Plaintiff Class:**

All non-exempt employees who have been employed or are currently employed by Defendant in the United States within the relevant time period.  The definition excludes person who perform or performed managerial duties.  As used in this Class Definition, the term "non-exempt employee" refers to those who Defendant has classified as non-exempt employees.

**California Sub-Class:**

All employees who were or are employed by Defendant during the Class

-12-

Period in California as "non-exempt employees."  As used in this class definition, the term "non-exempt employee" refers to those who Defendant has classified as non-exempt from the overtime wage provisions of the California <u>Labor Code</u>.

**<u>California Terminated Sub-Class</u>:**

All non-exempt hourly California employees whose employment with Defendant terminated and did not receive all of the wages due them at the time of termination, and/or who did not receive their final wages in a timely manner as mandated by the California law.  This definition excludes person who perform or performed managerial duties.  As used in this Class Definition, the term "non-exempt employee" refers to those who Defendant has classified as non-exempt employees.

(collectively "Putative Class" or "Class Members")

53.     The Class Period is the period from June 14, 2013, through and including the date judgment is rendered in this matter.

54.     The class is so numerous that the individual joinder of all members is impracticable. While the exact number and identification of class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery directed to Defendant, Plaintiff is informed and believes that the class includes potentially hundreds of members.

55.     Common questions of law and fact exist as to all members of the class, which predominate over any questions affecting only individual members of the class.  These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

a.   Whether Plaintiff and members of the proposed class are subject to and entitled to the benefits of California wage and hour statutes;

b.   Whether Defendant maintained accurate records of the hours worked by employees;

c. Whether Plaintiff and members of the Plaintiff Class are entitled to overtime compensation;

d. Whether Defendant failed to provide Plaintiff and members of the Plaintiff Class with one day's rest in seven in violation of California Labor Code sections 551 and 552;

e. Whether Defendant had a standard policy of not providing meal and rest breaks to Plaintiff and members of the putative class;

f. Whether Defendant failed to maintain accurate records of work performed by members of the Class in violation of California Labor Code section 1174 and IWC Wage Order 16, § 6;

g. Whether Defendant unlawfully and/or willfully deprived Plaintiff and Class Members of meal and rest breaks and pay for missed breaks pursuant to California Labor Code §§ 200, 226.7, 512, and 12 CCR § 11040;

h. Whether Defendant failed to pay Plaintiff and members of the putative class the minimum wage for all hours worked (California Labor Code §§ 558, 1194, 1194.2, 1197 & 1198 and Wage Order 16-2001);

i. Whether Defendant unlawfully and/or willfully failed to provide Plaintiff and members of the Plaintiff Class with one day's rest in seven in violation of California Labor Code sections 551 and 552;

j. Whether Defendant unlawfully and/or willfully failed to pay Plaintiff and members of the putative class the minimum wage for all hours worked (California Labor Code §§ 558, 1194, 1194.2, 1197 & 1198 and Wage Order 16-2001);

k. Whether Defendant unlawfully and/or willfully deprived failed to compensate employees for all hours worked;

l. Whether Defendant unlawfully and/or willfully failed to promptly pay compensation owing to Plaintiff and members of the Terminated Sub-Class upon termination of their employment, in violation of California Labor Code §§ 201-203;

m. Whether Defendant unlawfully and/or willfully failed to provide Plaintiff and

members of the Plaintiff Class with true and proper wage statements upon payment of wages, in violation of California <u>Labor Code</u> section 226(a);

n.   Whether Plaintiff and members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief; and

o.   Whether Defendant's conduct as alleged herein violates the Unfair Business Practices Act of California, <u>Bus. & Prof. Code</u> § 17200, *et seq*.

56.   The claims of the named Plaintiff are typical of the claims of the members of the putative class.  Plaintiff and other class members sustained losses, injuries and damages arising from Defendant's common policies, practices, procedures, protocols, routines, and rules, which were applied to other class members as well as Plaintiff.  Plaintiff seek recovery for the same type of losses, injuries, and damages as were suffered by other members of the proposed class.

57.   Plaintiff is an adequate representative of the proposed classes because he is a member of the class, and his interests do not conflict with the interests of the members he seeks to represent. Plaintiff have retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and their counsel intends to prosecute this action vigorously for the benefit of the classes. The interests of the Class Members will fairly and adequately be protected by Plaintiff and his attorneys.

58.   A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable.  It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individuals, repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims.  By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

59.   The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the California <u>Code of Civil Procedure</u> § 382 because:

a. The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for Defendant, and

b. The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

**_Exhaustion of Administrative Remedies_**

60. Plaintiff OUTLEY is currently complying with the procedures for bringing suit specified in California Labor Code § 2699.3. By letter dated May 30, 2017 required notice to the Labor and Workforce Development Agency ("LWDA") and Defendant of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

61. This Complaint will be amended when more than sixty (60) days have passed since the date the notice was mailed to Defendant and the LWDA, if the LWDA chooses not to investigate the allegations herein.

**FIRST CAUSE OF ACTION**

**MEAL AND REST BREAK VIOLATIONS**

**(CALIFORNIA LABOR CODE §§ 200, 226.7, 512, and 12 CCR § 11040)**

**(By Plaintiff and Members of the Putative Class Against Defendant)**

62. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

63. California Labor Code § 226.7(a) provides that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

64. California Labor Code § 512 provides that "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with

a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

65.     California Labor Code § 512 further provides that "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

66.     California Labor Code § 516 provides that the Industrial Welfare Commission may adopt or amend working condition orders with respect to meal periods for any workers in California consistent with the health and welfare of those workers.

67.     Section 10 of Wage Order No. 16-2001 provides that "Unless the employee is relieved of all duties during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duties and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

68.     Section (F) of Wage Order No. 16-2001 provides that "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

69.     California Labor Code § 226.7(a) provides that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

70.     California Labor Code § 516 provides that the Industrial Welfare Commission may adopt or amend working condition orders with respect to rest periods for any workers in California consistent with the health and welfare of those workers.

71.     IWC Wage Order, number 16-2001, section 11 required employers to authorize, permit, and provide a ten (10) minute paid rest for each four (4) hours of work, during which

employees are relieved of all duties.

72.     At all times, relevant hereto, California <u>Labor Code</u> § 226.7(b) and IWC Wage Order, number 16-2001, section 11(D) required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest period is not provided.

73.     Throughout the Class Period, Plaintiff and the members of the putative class consistently worked over five (5) hours per work period, and therefore, were entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

74.     Throughout the Class Period, Plaintiff and the members of the putative class sometimes worked over ten (10) hours per work period, and therefore, were entitled to a second meal period of not less than thirty (30) minutes.

75.     Throughout the Class Period, Plaintiff and the members of the putative class did not waive their meal periods, by mutual consent with Defendant or otherwise.

76.     Defendant failed to comply with the required meal periods established by California <u>Labor Code</u> § 226.7, California <u>Labor Code</u> § 512, California <u>Labor Code</u> § 516 and the applicable Wage Order.

77.     Defendant failed to compensate Plaintiff and members of the putative class with premium wages when meal periods were missed, short, or late.

78.     Pursuant to Sections 10 and 11 of Wage Order No. 16-2001, and California <u>Labor Code</u> § 226.7(b) (which requires, in the event that "an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the industrial Welfare Commission, the employer shall the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided"), the members of the Class are entitled to damages in an amount equal to one (1) hour of wages per missed meal period, in a sum to be proven at trial.

79.     At all times relevant to this Complaint, each Defendant failed, and has continued to fail, to timely provide Plaintiff and members of the putative class with meal periods.

80.     Thus, throughout the Class Period, Defendant regularly:

        (a)     Failed to provide paid rest periods of ten (10) minutes during which Plaintiff

and the members of the putative class were relieved of all duties for each four (4) hours of work; and

(b)    Failed to pay Plaintiff and the members of the putative class one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted.

81.    As a direct and proximate result of the acts and/or omissions of each Defendant, Plaintiff and Class Members have been deprived of meal and rest period wages due in amounts to be determined at trial.

82.    Pursuant to California Labor Code §§ 226.7, 512, and Wage Order 16-2001, as a result of Defendant's failure to pay Plaintiff and Class Members for all meal periods and rest periods, Plaintiff and all Class Members are entitled to recover the unpaid meal and rest period wages, plus interest, fees and costs thereon.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES**

**(By Plaintiff and Members of the California Sub-Class Against Defendant)**

83.    Plaintiff incorporate all preceding paragraphs as though fully set forth herein.

84.    California Labor Code § 510(a) states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." California Labor Code § 510(a) further states: "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee." California Labor Code § 510(a) further states: "[A]ny work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

85.    Defendant has failed and refused to pay to Plaintiff and each member of the putative class all overtime wages due to them in compliance with California Labor Code including, but not limited to, failing to pay all overtime accrued. Based upon information and belief, Plaintiff and the other members of the putative class were not paid overtime when they worked in excess of eight (8)

hours in a given day.  Plaintiff allege that Defendant's policy was not to pay overtime wages until an employee had worked forty (40) hours in a workweek.

86.     As a direct and proximate result of the acts and/or omissions of each Defendant, Plaintiff and each member of the putative class has been deprived of overtime wages due in amounts to be determined at trial.

87.     The applicable overtime requirements fixed by the commission for Plaintiff and the putative class, are found in Wage Order 16-2001.

88.     Pursuant to California Labor Code §§ 1194 and 1194.2 as a result of Defendant's failure to pay Plaintiff and the members of the putative class all overtime wages due, Plaintiff and members of the putative class are entitled to each recover the unpaid overtime wages in an amount equal to the overtime wages unlawfully unpaid, plus interest, fees and costs thereon.

## THIRD CAUSE OF ACTION

## FAILURE TO PROVIDE ONE DAY'S REST FROM SEVEN IN VIOLATION OF CAL. LAB. CODE §§ 551 AND 552

### (By Plaintiff and the California Sub-Class Against Defendant)

89.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

90.     California Labor Code § 551 provides, "Every person employed in any occupation of labor is entitled to one day's rest therefrom in seven." To that end, California Labor Code § 552 states, "No employer of labor shall cause his employees to work more than six days in seven."

91.     As detailed above, Turner violated California Labor Code §§ 551 and 552 when it caused Plaintiff and other hourly, non-exempt employees to work seven or more consecutive days.

92.     Under California Labor Code § 558(a), an employer who violates any provision of the Labor Code that regulates the hours and days of work is subject to a civil penalty as follows:

(1)     For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to

-20-

recover underpaid wages.

(2)    For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(3)    Wages recovered pursuant to this section shall be paid to the affected employee.

93.    As set forth above, Turner has committed, and continues to commit, violations for which the California <u>Labor Code</u> entitles Plaintiff, to recover, on behalf of himself, all aggrieved employees, and the general public, interest, attorneys' fees and costs, as well as all statutory penalties against Turner, for violations of California <u>Labor Code</u> §§ 551 and 552.

## FOURTH CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES

**(Labor Code §§ 558, 1194, 1194.2, 1197 & 1198, and Wage Orders 10)**

**(Against Defendant On behalf of Plaintiff and the Class)**

94.    Plaintiff incorporates all preceding paragraphs as though fully set for herein.

95.    At all times relevant to this Complaint, and during the Wage Claims Class Period, each Defendant failed, and has continued to fail, to pay Plaintiff and each member of the Minimum Wages Class all wages due including, without limitation, the minimum wage for time worked that was not properly calculated and paid for by Defendant.

96.    As a direct and proximate result of the acts and/or omissions of each Defendant, Plaintiff and each member of the Plaintiff Class has been deprived of minimum wages due in amounts to be determined at trial.

97.    The applicable minimum wages fixed by the commission for agricultural employees is found in Wage Order 16-2001. Pursuant to California <u>Labor Code</u> §§1194 and 1194.2 as a result of Defendant's failure to pay Plaintiff and the members of the Minimum Wages Class all minimum wages due, Plaintiff and members of the Minimum Wages Class are entitled to each recover the unpaid minimum wages and liquidated damages in an amount equal to the minimum wages unlawfully unpaid, plus interest, fees and costs thereon.

1

2 **FIFTH CAUSE OF ACTION**

3 **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

4 **Violation of California Labor Code 226(a)**

5 **(By Plaintiff and Members of the Putative California Sub-Class Against Defendant)**

6       98.    Plaintiff incorporates all preceding paragraphs as though fully set for herein.

7       99.    California Labor Code §226(a) sets forth reporting requirements for employers

8 when they pay wages, as follows:

9     "Every employer shall . . . at the time of each payment of wages, furnish his or her

10     employees . . . an itemized statement in writing showing (1) gross wages earned;

11     (2) total hours worked by the employee . . . (3) the number of piece-rate units

12     earned and any applicable piece rate if the employee is paid on a piece-rate basis.

13     . .. (8) the name and address of the legal entity that is the employer and, if the

14     employer is a farm labor contractor, as defined in subdivision (b) of Section 1682,

15     the name and address of the legal entity that secured the services of the employer."

Section (e) provides:

16     "An employee suffering injury as a result of a knowing and intentional failure by

17     an employer to comply with subdivision (a) shall be entitled to recover the greater

18     of all actual damages or fifty dollars ($50) for the initial pay period in which a

19     violation occurs and one hundred dollars ($100) per employee for each violation

20     in a subsequent pay period,  not exceeding an aggregate penalty of four thousand

21     dollars ($4000), and shall be entitled to an award of costs and reasonable attorneys'

22     fees."

23       100.    Plaintiff and members of the Plaintiff Class were damaged by this failure to

provide accurate wage statements because, among other things, Plaintiff and members of the

24 Plaintiff Class were unable to determine the proper amount of wages owed to them, and whether

25 they had received full compensation therefore.

26       101.    Based upon information and belief, Plaintiff and the other members of the putative

27 class were not provided wage statements at any time during their employment with Defendant.

28

-22-

102.    Plaintiff and members of the Plaintiff Class request recovery of California Labor Code §226(e) penalties according to proof, as well as interest, attorneys' fees and costs pursuant to California Labor Code §226(e), and all other damages, attorneys' fees, costs, expenses and interest permitted by statute.

## SIXTH CAUSE OF ACTION

## FAILURE TO PAY WAGES AT TIME OF

## TERMINATION (CALIFORNIA LABOR CODE §§ 201-203)

**(By Plaintiff and Members of the California Terminated Sub-Class Against Defendant)**

103.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

104.    At all times, relevant herein, Defendant was required to pay its employees all wages owed in a timely fashion during and at the end of their employment, pursuant to California Labor Code §§ 201-203.

105.    As a pattern and practice, Defendant regularly failed to pay Plaintiff and members of the Terminated Sub-Class their final wages pursuant to California Labor Code §§ 201-203, and accordingly owe waiting time penalties pursuant to California Labor Code § 203.

106.    The conduct of Defendant and its agents and managerial employees as described herein was willful, and in violation of the rights of Plaintiff and the individual members of the Terminated Sub-Class.

107.    Plaintiff is informed and believes, and based thereon alleges, that Defendant's willful failure to pay wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and class members who have separated from employment are entitled to compensation pursuant to California Labor Code § 203.

## SEVENTH CAUSE OF ACTION

## UNFAIR COMPETITION: CALIFORNIA BUSINESS AND

## PROFESSIONS CODE § 17200, etc.

**(By Plaintiff, the California Sub-Class, and the General Public, Against Defendant)**

108.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set

forth herein.

109.   Section 17200 of the California Business and Professions Code prohibits any unlawful, unfair or fraudulent business act or practice.

110.   Plaintiff brings this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described herein. Plaintiff and members of the putative class have suffered, and continue to suffer, injury in fact and monetary damages because of Defendant's actions.

111.   The actions by Defendant as herein alleged amount to conduct which is unlawful and a violation of law.  As such, said conduct amounts to unfair business practices in violation of Business and Professions Code § 17200, *et seq*.

112.   Defendant's conduct as herein alleged has damaged Plaintiff and the members of the putative class by denying them wages due and payable, by failing to provide proper meal and rest breaks, by failing to pay all wages due in a timely manner at the time of termination (for the Terminated Sub-Class). Defendant's actions are thus substantially injurious to Plaintiff and the members of the putative class, causing them injury in fact and loss of money.

113.   Because of such conduct, Defendant has unlawfully and unfairly obtained monies due to the Plaintiff and the members of the putative class.

114.   All members of the putative class can be identified by reference to payroll and related records in the possession of the Defendant. The amount of wages due Plaintiff and members of the putative class can be readily determined from Defendant's records.  The Class Members are entitled to restitution of monies due and obtained by Defendant during the Class Period as a result of Defendant's unlawful and unfair conduct.

115.   During the Class Period, Defendant committed, and continues to commit, acts of unfair competition as defined by § 17200, *et seq*., of the Business and Professions Code, by and among other things, engaging in the acts and practices described above.

116.   Defendant's course of conduct, acts, and practices in violation of the California law as mentioned in each paragraph above constitutes a separate and independent violation of § 17200, etc., of the Business and Professions Code.

117.   The harm to Plaintiff and the members of the putative class of being wrongfully

denied lawfully earned and unpaid wages outweighs the utility, if any, of Defendant's policies and practices and, therefore, Defendant's actions described herein constitute an unfair business practice or act within the meaning of Business and Professions Code § 17200.

118.    Defendant's conduct described herein threatens an incipient violation of California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise significantly threatens or harms competition.

119.    Defendant's course of conduct described herein further violates Business and Professions Code § 17200 in that it is fraudulent, improper, and unfair.

120.    The unlawful, unfair, and fraudulent business practices and acts of Defendant as described herein-above have injured Plaintiff and members of the putative class in that they were wrongfully denied the timely and full payment of wages due to them.

## EIGHTH CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES AND OVERTIME COMPENSATION IN

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

### (Against Defendant and Does 1-100 on behalf of Plaintiff

### and Proposed Members of the Plaintiff Class)

121.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

122.    The Fair Labor Standards Act, 29 U.S.C. §201, et. seq., states that an employee must be compensated for all hours worked, including straight time compensation and overtime compensation.   (29 C.F.R. §778.223 and 29 C.F.R. §778.315.)   This Court has concurrent jurisdiction over claims involving the Fair Labor Standards Act pursuant to 29 U.S.C. §216.

123.    Plaintiff also brings this lawsuit as a collective action under the Fair Standards Labor Act, 29 U.S.C. §201, et. seq. (the "FLSA"), on behalf of all persons who were, are, or will be employed by Defendant in a non-exempt hourly position during the period commencing three years prior to the filing of this Complaint to and through a date of judgment, who performed work in excess of forty (40) hours in one week and did not receive all compensation as required by the FLSA for the hours worked.   To the extent equitable, tolling operates to toll claims by the against the collective employees against the Defendant, the collective statute of limitations should be

adjusted accordingly.

124.    Questions of law and fact common to collective employees as a whole include, but are not limited to the following:

a.    Whether Defendant's policies and practices failed to accurately record all hours worked by Plaintiff and other collective employees;

b.    Whether Defendant's policies and practices were to write down the time worked by Plaintiff and collective employees;

c.    Whether Defendant failed to adequately compensate collective employees for all hours worked as required by the FLSA, including the time worked through their meal and rest periods;

d.    Whether Defendant failed to include all remuneration in calculating the appropriate rates overtime and straight time;

e.    Whether Defendant should be should be enjoined from continuing the practices which violate the FLSA; and

f.    Whether Defendant is liable to the collective employees.

125.    The Eighth Cause of Action for the violations of the FLSA may be brought and maintained as an "opt-in" collection action pursuant to Section 16(b) of FLSA, 29 U.S.C. 216(b), for all claims asserted by the representative Plaintiff because the claims of Plaintiff are similar to the claims of collective employees.

126.    Plaintiff and collective employees are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Defendant's common and uniform policy and practice of failing to pay for all actual time worked and wages earned, failed to accurately record all hours worked by these employees in violation of the FLSA and the Regulations implementing the Act as enacted by the Secretary of Labor, and for failing to include all remuneration in calculating overtime rates and straight time rates of employees.

127.    Defendant is engaged in communication, business, and transmission throughout the United States and are, therefore, engaged in commerce within the meaning of 29 U.S.C. §203(b).

128.   29 U.S.C. §225 provides a three-year statute of limitations applies to willful violation of the FLSA.  The conduct by Defendant which violated the FLSA was willful.

129.   Plaintiff and collective employees regularly worked in excess of forty (40) hours in a workweek.  Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et. seq., Plaintiff and the collective employees are entitled to compensation for all hours actually worked, and are also entitled to wages at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek.

130.   Plaintiff and collective employees were all paid to Defendant on an hourly basis for the hours worked up to forty (40) in a workweek, but Plaintiff and collective employees worked more than forty (40) hours per workweek, and were not paid compensation for all hours worked, including overtime hours.   Defendant also failed to pay Plaintiff, and collective employees, compensation for the hours he worked performing duties primarily for the benefit of the employer during meal and rest periods.

131.   For the purposes of the Fair Labor Standards Act, the employment practices of Defendant were and is uniform throughout California and the United States in all respects material to the claims asserted in this Complaint.

132.   Defendant violated the Fair Labor Standards Act by failing to pay hourly employees for all hours worked, including overtime hours, as alleged herein above.

133.   As a result of Defendant's failure to pay overtime compensation for hours worked, as required by the FLSA, Plaintiff and collective employees were damaged in an amount to be proved at trial.

134.   Plaintiff, therefore, demands that he and collective employees be paid overtime compensation as required by the FLSA for every hour of overtime in any workweek for which he was not compensated, compensation for meal and rest periods, compensation for miscalculation of overtime and straight time, plus liquidated damages, interest and statutory costs as provided by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, and on behalf of the members of the putative class, prays for judgment against Defendant as follows:

-27-
CLASS ACTION COMPLAINT

1.      For an order certifying the proposed class;

2.      For nominal damages;

3.      For equitable relief, in the nature of declaratory relief, restitution of all monies due to Plaintiff and members of the putative class, and disgorgement of profits from the unlawful business practices of Defendant, and accounting;

4.      For penalties as permitted by the California Labor Code, and the regulations, standards and applicable wage orders promulgated thereunder, specifically including, but not limited to, For penalties permitted by California *Labor Code* §§ 201, 202, 203, 226, 226.3, 226.7, 510, 512(a), 551, 552, 558, 1197 and 1198.

5.      For interest as permitted by statute, including Labor Code § 218.6;

6.      For costs of suit and expenses incurred herein as permitted by statute, including California *Labor Code* §§ 226 and 1194;

7.      For attorney's fees as permitted by statute, including California *Labor Code* §§ 226 and 1194; and

8.      For all such other and further relief that the Court may deem just and proper.

DATED: June 14, 2017            **BRADLEY GROMBACHER, LLP**
                                **UNITED EMPLOYEES LAW GROUP, PC**

                                By:  /s/ Marcus J. Bradley, Esq.
                                Marcus J. Bradley, Esq.
                                Kiley L. Grombacher, Esq.
                                Taylor L. Emerson, Esq.
                                Walter L. Haines, Esq.
                                Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

DATED: June 14, 2017            **BRADLEY GROMBACHER, LLP**
                                **UNITED EMPLOYEES LAW GROUP, PC**

                                By:  /s/ Marcus J. Bradley, Esq.
                                Marcus J. Bradley, Esq.
                                Kiley L. Grombacher, Esq.
                                Taylor L. Emerson, Esq.
                                Walter L. Haines, Esq.
                                Attorneys for Plaintiff