1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES OUTLEY II, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TURNER CONTRACTING, INC., an Indiana corporation, and DOES 1-100, inclusive,<br><br>Defendants. | **CASE NO. 5:17-CV-03465-LHK**<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AND GRANTING-IN-PART AND DENYING-IN-PART MOTION FOR ATTORNEYS' FEES AND EXPENSES** |

Having considered the motion for final approval of class action settlement and the motion for attorneys' fees and expenses, the arguments of counsel at the November 1, 2018 hearing, the supplemental declarations, and the record in this case, **THE COURT HEREBY ORDERS AS FOLLOWS:**

1. This Order incorporates by reference the definitions in the Joint Stipulation of Settlement and Release of Claims ("Settlement Agreement"). All terms defined therein shall have the same meaning in this Order as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and over all Parties to this litigation, including the Plaintiffs and Class Members.

3. Pursuant to the Preliminary Approval Order, the appointed Settlement

Administrator, CPT Group, Inc. mailed a Notice of Settlement to all known Class Members by First Class U.S. Mail.  The Notice of Settlement fairly and adequately informed Class Members of the terms of the proposed Settlement and the benefits available to Class Members thereunder.  The Notice of Settlement further informed Class Members of the pendency of the Action, of the proposed Settlement, of Class Members' right to receive their share of the Settlement, of the scope and effect of the Settlement's Released Claims, of Class Members' rights and obligations relating to the prospective relief provided through the Settlement, of the preliminary Court approval of the proposed Settlement, of exclusion and objection timing and procedures, of the date of the Final Approval Hearing, and of the right to file documentation in support of or in opposition to the Settlement and to appear in connection with the Final Approval Hearing.  Class Members had adequate time to consider this information and to use the procedures identified in the Notice.  The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members.  The Court finds and determines that the Notice provided in the Action was the best notice practicable, which satisfied the requirements of law and due process.

4. For purposes of this Order and for this Settlement only, the Court hereby certifies the Class, as defined in the Settlement Agreement.

5. For purposes of this Order and this Settlement only, the Court hereby confirms the appointment of Plaintiff James Outley II as the class representative for the Class.  Further, the Court finally approves the Service Award, as fair and reasonable, to Plaintiff James Outley II in the amount of Fifteen Thousand Dollars ($15,000).  The Court hereby orders the Settlement Administrator to distribute the Service Award to the Plaintiff in accordance with the provisions of the Settlement.

6. For purposes of this Order and this Settlement only, the Court hereby confirms the appointment of Marcus J. Bradley of Bradley/Grombacher, LLP and Walter Haines of United Employees Law Group as Class Counsel. In addition to attorneys Bradley and Haines, attorneys Kiley L. Grombacher and Taylor L. Emerson also billed time to this Action.  The

Court notes that attorney Bradley represents that attorney Grombacher is a 12-year attorney. ECF No. 63 ¶ 11. However, attorney Grombacher was admitted to the bar in December 2006, but attorney Grombacher lists no employment prior to January 2008 on her curriculum vitae. ECF No. 67 Ex. B. At most, attorney Grombacher appears to have around 10 years' experience. Moreover, attorney Grombacher's curriculum vitae simultaneously states that she joined Marlin & Saltzman in 2010 and that she began at Marlin & Saltzman in February 2011. *Id.* Furthermore, the Court notes that although attorney Emerson claims to have over 16 years litigation experience, ECF No. 67 Ex. C, attorney Emerson graduated from Ventura College of Law in 2003 and was not admitted to the California Bar until June 2003. Thus, attorney Emerson has, at most, 15 years' experience.

7. At the November 1, 2018 hearing, the Court raised concerns about Class Counsel's motion for attorneys' fees and expenses. Class Counsel agreed to withdraw all of its requests for attorneys' fees and expenses about which the Court had concerns. Those withdrawn amounts of attorneys' fees and expenses are set forth below.

8. Class Counsel has agreed to withdraw its request for attorneys' fees for time Class Counsel spent trying to stop Defendant's payment of Pick-Up Stix payments to Class Members. The total amount of attorneys' fees Class Counsel charged for Pick-Up Stix-related fees was Nine Thousand Three Hundred and Seventy-Five Dollars ($9,375).

9. Class Counsel's motion for attorneys' fees and expenses included the Pick-Up Stix payments in the Total Settlement Fund of which Class Counsel sought Thirty Percent (30%) in attorneys' fees. Class Counsel has agreed that inclusion of the Pick-Up Stix payments was improper. Because Class Counsel's only effort with regard to the Pick-Up Stix payments was to try to stop the Pick-Up Stix payments, Class Counsel cannot claim to have obtained those payments on behalf of the Class and should not obtain attorneys' fees for those payments.

10. Class Counsel has agreed to withdraw its request for attorneys' fees for time Class Counsel spent obtaining and executing client retainer agreements. The total amount of attorneys' fees Class Counsel charged for retainer agreement-related fees was Four Thousand Three Hundred Ninety-Two Dollars and Fifty Cents ($4,392.50).

11. Class Counsel has agreed to withdraw its request for attorneys' fees for time attorney Kiley L. Grombacher spent visiting Kinkos on February 20, 2018 that costed One Thousand One Hundred and Seventy Dollars ($1,170.00).

12. Class Counsel has agreed to withdraw its request for attorneys' fees for time attorney Haines spent making travel arrangements to attend mediation that costed Five Hundred and Forty Dollars ($540.00).

13. Class Counsel's motion for attorneys' fees and expenses stated that their lodestar amount was Three Hundred and Fifty-Three Thousand, Seven Hundred and Two Dollars and Fifty Cents ($353,702.50). However, subtracting the above attorneys' fee requests that Class Counsel has agreed to withdraw, the recalculated lodestar amount is Three Hundred Thirty-Eight Thousand Two Hundred and Twenty-Five Dollars ($338,225). Thus, Class Counsel has withdrawn Fifteen Thousand Four Hundred Seventy-Seven Dollars and Fifty Cents ($15,477.50) from their lodestar amount.

14. In addition, Class Counsel has agreed to withdraw their request for $163.42 in expenses for meals, including a dinner that attorney Haines had with the referral attorney that costed One Hundred Forty-Four Dollars and Twenty-Two Cents ($144.22).

15. Class Counsel also has agreed to withdraw $150 in expenses associated with jury fees because there was no trial and no jury in this case.

16. Class Counsel's motion for attorneys' fees and expenses requested a maximum of Thirty Thousand Dollars ($30,000) in expenses. However, the actual amount Class Counsel claimed to incur in expenses was Sixteen Thousand One Hundred Thirty-Seven Dollars and Twenty-Six Cents ($16,137.26). Subtracting the above expenses that Class Counsel has agreed to withdraw, the recalculated amount of actual expenses incurred is Fifteen Thousand Eight Hundred and Twenty-Three Dollars and Eighty-Four Cents ($15,823.84).

17. The Ninth Circuit has characterized 25% of the settlement amount as the "starting point" for the award of attorneys' fees but simultaneously noted that 25% may not be fitting in all cases. *Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1048 (9th Cir. 2002). For example, "where awarding 25% of a 'megafund' would yield windfall profits for class counsel

1  in light of the hours spent on the case, courts should adjust the benchmark percentage." *In re*
2  *Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011).  Similarly, district
3  courts may depart from the 25% benchmark rate by "providing adequate explanation in the
4  record of any 'special circumstances.'" *Id.*  In the end, "[s]election of the benchmark or any
5  other rate must be supported by findings that take into account all of the circumstances of the
6  case." *Vizcaino*, 290 F.3d at 1048.

7        18.     To guard against an unreasonable result, the Ninth Circuit encourages district
8  courts to "cross-check[] their calculations against a second method." *In re Bluetooth*, 654 F.3d
9  at 944; *see also Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050–51 (9th Cir. 2002) (applying
10 a lodestar cross-check to ensure the percentage-of-recovery method yielded a reasonable result).

11       19.     As stated above, Class Counsel's motion for attorneys' fees and expenses
12 requested Thirty Percent (30%) of a Total Settlement Fund in which Class Counsel improperly
13 included the Pick-Up Stix payments.  Class Counsel's improper 30% of the Total Settlement
14 Fund attorneys' fees request sought a total of Three Hundred and Eighty-Nine Thousand, Nine
15 Hundred Ninety-One Dollars and Sixty Cents ($389,991.60).  Because Class Counsel's only
16 effort with regard to the Pick-Up Stix payments was to try to stop the Pick-Up Stix payments,
17 Class Counsel cannot claim to have obtained those payments on behalf of the Class and should
18 not obtain attorneys' fees for those payments.  Moreover, a 30% fee award is not warranted
19 because Class Counsel's only work in this case was to investigate and file the complaint,
20 prepare interrogatories and requests for admission, send a letter to Class Members, interview 30
21 class members, attend two case management conferences, participate in mediation, and prepare
22 motions and attend hearings for preliminary and final approval of class action settlement.  Class
23 Counsel took no depositions, filed no motions prior to settlement, and acknowledges that this
24 case settled in its very early stages.  Nonetheless, Class Counsel has obtained a significant
25 monetary recovery for the Monetary Payment Class, which justifies varying upward from the
26 25% benchmark.

27       20.     Specifically, no Class Member has objected to or opted out of the Settlement.
28 Moreover, prior to Class Counsel's withdrawal of certain fees and expenses, the average

payment to members of the Monetary Payment Class was approximately Two Thousand Three Hundred and Eighteen Dollars and Twenty-One Cents ($2,318.21), and the highest was approximately Seventeen Thousand Five Hundred and Fifty-Six Dollars and Forty-Four Cents ($17,556.44).  In view of Class Counsel's withdrawal of the above fees and expenses, the Court anticipates that the Monetary Payment Class will recover even more than previously anticipated given the corresponding increase in the Net Settlement Value.

21. Furthermore, prior to Class Counsel's withdrawal of the above fees and expenses, the Monetary Payment Class was to recover from this Settlement an estimated Thirty-Four Point Two One Percent (34.21%) of an expert's valuation of their total damages. ECF No. 40 at 24.  In view of Class Counsel's withdrawal of the above fees and expenses, the Court anticipates that the Monetary Payment Class will recover an even higher percentage of the expert's valuation of their total damages given the corresponding increase in the Net Settlement Value.

22. Excluding the above attorneys' fees that Class Counsel has agreed to withdraw, Class Counsel's new lodestar is Three Hundred Thirty-Eight Thousand Two Hundred and Twenty-Five Dollars ($338,225), which constitutes approximately Twenty-Eight Point One Nine Percent (28.19%) of the Gross Settlement Fund of One Million Two Hundred Thousand Dollars ($1,200,000).  Thus, under both the percentage of the settlement fund method and the lodestar method, the Court finds that $338,225 is the fair and reasonable amount of attorneys' fees in this case and thus awards that amount to Class Counsel.

23. As well, the Court approves a Class Counsel expenses award, as fair and reasonable, of Fifteen Thousand Eight Hundred and Twenty-Three Dollars and Eighty-Four Cents ($15,823.84), which is calculated in accordance with the above expenses that Class Counsel has agreed to withdraw.  The Court hereby orders the Settlement Administrator to distribute the awards of fees and expenses to Class Counsel in accordance with this Order.

24. For purposes of this Order and this Settlement only, the Court hereby confirms the appointment of CPT Group, Inc. as the Settlement Administrator to administer the Settlement of this matter as more specifically set forth in the Settlement Agreement and further

finally approves Settlement Administration Costs, as fair and reasonable, of Eighteen Thousand Dollars ($18,000).

25. The Court finds that the Settlement offers significant monetary recovery to all Monetary Payment Class Members and finds that such recovery is fair, adequate and reasonable when balanced against further litigation related to liability and damages issues. The Court further finds that investigation, discovery, and research have been conducted such that Class Counsel and Defense Counsel are able to reasonably evaluate their respective positions at this time. The Court finds that the proposed Settlement, at this time, will avoid substantial additional costs by all Parties, as well as avoid the risks and delay inherent to further prosecution of the Action. The Court further finds that the Settlement has been reached as the result of intensive, serious and non-collusive, arms-length negotiations. Thus, the Court approves the Settlement set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, adequate and reasonable and directs the Parties to effectuate the Settlement according to its terms.

26. The Court hereby orders the Settlement Administrator to distribute the Individual Settlement Payments to Class Members in accordance with the provisions of the Settlement.

27. As of the Effective Date, the Class Released Claims are and shall be deemed to be conclusively released as against the Released Parties. All Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Parties.

28. After Settlement administration has been completed in accordance with the Settlement Agreement, and in no event later than 180 days after the Effective Date, Defendant shall file a report with this Court certifying compliance with the terms of the Settlement.

29. Neither this Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement is, may be construed as, or may be used as an admission by or against Defendant or any of the other Released Parties of any fault, wrongdoing or liability whatsoever. Nor is this Order a finding of the validity of any claims in the Action or of any wrongdoing by Defendant or any of the other Released Parties.

30. If the Settlement does not become final and effective in accordance with the

terms of the Settlement Agreement, resulting in the return and/or retention of the Settlement funds to Defendant consistent with the terms of the Settlement, then this Order and all orders entered in connection herewith, including any order certifying the Class, appointing class representatives or Class Counsel, shall be rendered null and void and shall be vacated.

31. Without affecting the finality of this Order in any way, this Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement and all orders and judgments entered in connection therewith.

32. The parties shall file a Post-Distributing Accounting in accordance with the United States District Court for the Northern District of California's Procedural Guidance for Class Action Settlements.

**IT IS SO ORDERED.**

DATED: November 19, 2018

_Lucy H. Koh_
Hon. Lucy H. Koh
United States District Judge